Charles S. Strickland appeals from a judgment of the Montgomery County Court of Common Pleas, which overruled his second petition for postconviction relief.
In September 1994, Strickland was arrested and charged with carrying a concealed weapon in violation of R.C. 2923.12(A), with a prior-offense-of-violence specification, and having a weapon while under disability in violation of R.C. 2923.13(A), with a prior-offense-of-violence specification and a firearms specification. Strickland pleaded not guilty to the charges, and, represented by counsel, he proceeded to trial before the bench. The trial court found him guilty as charged and imposed concurrent sentences of two to ten years for carrying a concealed weapon and three to five years for having a weapon while under disability, to be served consecutive with and subsequent to a three year sentence for the firearm specification. Strickland appealed his conviction and sentence, which we affirmed in State v. Strickland (Mar. 15, 1996), Montgomery App. No. 15368, unreported ("Strickland I"). Strickland appealed to the supreme court, which dismissed his appeal in State v. Strickland (1996), 76 Ohio St.3d 1497. On September 23, 1996, Strickland filed a petition for postconviction relief ("the first petition"), alleging ineffective assistance of counsel. Upon motion by the state, the trial court entered summary judgment against Strickland. Strickland appealed, and we affirmed the trial court's summary judgment. See State v. Strickland (Sept. 12, 1997), Montgomery App. No. 16294, unreported ("Strickland II").
On October 24, 1997, Strickland filed another petition for postconviction relief ("the second petition"), which the trial court overruled on July 7, 1998. Strickland appealed, raising four assignments of error. Because our resolution of the assignments is based on a single principle, we will treat them together.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISMISSING APPELLANT'S SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF WITHOUT REACHING THE MERITS OF THE ISSUES PRESENTED THEREIN, DENYING APPELLANT HIS RIGHT TO DUE PROCESS OF LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF TO APPELLANT BASED UPON THE ABSENCE OF EVIDENCE TO ESTABLISH THE "PRIOR OFFENSE OF VIOLENCE" NECESSARY TO SUPPORT THE SPECIFICATION AND THE WEAPON UNDER DISABILITY CHARGE WHICH VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF TO APPELLANT AND ORDER RESENTENCING BASED UPON THE FAILURE TO ALLOW ALLOCUTION AT INITIAL SENTENCING, WHICH VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE STATE AND FEDERAL CONSTITUTIONS.
 IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF TO APPELLANT BASED UPON THE INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, WHERE TRIAL COUNSEL ACTIVELY PURSUED CONFLICTING INTERESTS AT TRIAL WHICH DEPRIVED APPELLANT OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND TO DUE PROCESS OF LAW, UNDER THE STATE AND FEDERAL CONSTITUTIONS.
Strickland asserts that the trial court should have conducted an evidentiary hearing on the second petition and granted him postconviction relief because his defense counsel had rendered ineffective assistance at trial, the state had failed to prove an essential element of the charges, and the trial court had sentenced him without providing an opportunity for allocution. Strickland acknowledges the R.C. 2953.23(A) general preclusion against second petitions for postconviction relief, but he insists that the trial court should have considered the merits of his second petition because it fell under an exception to the general rule.
According to R.C. 2953.23(A)(1)(a) and (2), a trial court may not entertain a petitioner's "second petition" for postconviction relief unless the petitioner shows that he was "unavoidably prevented" from discovering the facts necessary to present his claim for relief and he also "shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."
In the second petition, Strickland raised three bases for postconviction relief: (1) that the state failed to prove beyond a reasonable doubt that he previously had been convicted of an offense of violence, which was an element of the having weapons while under disability offense and formed the basis of the prior-offense-of-violence specifications; (2) that defense counsel, who represented him at trial and on direct appeal, rendered ineffective assistance by stipulating to his prior burglary conviction although he had pleaded not guilty to the charged offenses; and (3) that the trial court denied him the opportunity for allocution as required by Crim.R. 32(A)(1) and the now repealed R.C. 2947.05. Strickland's claims that he was convicted on insufficient evidence and that his defense counsel rendered ineffective assistance by stipulating to his prior burglary conviction are essentially two aspects of the same claim: that defense counsel's stipulation satisfied the state's burden of proving that he previously had been convicted of an offense of violence.
In support of the second petition, Strickland submitted his own affidavit swearing that he "did not discover the facts upon which [his] claims depend due to [his] attorney's failure to so advise [him] of same," copies of the trial court's "Verdict" and "Termination Entry," and excerpts from the trial and sentencing hearing transcripts. The state moved for summary judgment on Strickland's second petition. In response to the state's motion, Strickland filed a memorandum in which he asserted, inter alia, that he had been unavoidably prevented from discovering the factual basis for his claims "because of trial counsel's ineffectiveness."
In overruling Strickland's second petition, the trial court stated:
 Defendant asserts that the judgment rendering his conviction and sentencing is void due to insufficient evidence presented to the Court regarding his prior convictions, due to the Court's failure to allow him allocution of his sentences and due to his trial counsel's conflict of interest in stipulating to his prior convictions, rather than requiring the State to prove them beyond a reasonable doubt. These claims, however, were cognizable at the time of trial. The facts which Defendant presents to support these claims were available at the time of trial, at the time of Defendant's direct appeal, and at the time of Defendant's first petition for postconviction relief. Defendant has asserted no new evidence which lead[s] this Court to believe he was prevented from ascertaining facts which would have allowed him to assert the present claims at the three above-mentioned instances.
Based on Strickland's failure to show that he was unavoidably prevented from discovering the factual basis underlying his claims for relief, the trial court overruled the second petition.
On appeal, Strickland asserts that the combined effect of his defense counsel's ineffectiveness at trial, his lack of representation at the proceedings on his first petition, and the delay in obtaining the trial and sentencing hearing transcripts unavoidably prevented him from presenting his claims for relief until after the proceedings on his first petition.
Significant to our resolution of whether Strickland's second petition was statutorily barred from the trial court's consideration under R.C. 2953.23(A)(1)(a) and (2), the trial transcript indicates that Strickland was in attendance at trial and for sentencing. Strickland has not shown that he was unavoidably prevented from raising his claims in the first petition, which he used to present claims of his defense counsel's ineffectiveness regarding other aspects of his trial. See Strickland II, supra. Even though Strickland claims that he did not obtain the trial transcript until after the proceedings on his first petition, he has not shown that, having personally observed the stipulation to his prior conviction and the lack of allocution, he needed the transcript to discover the alleged errors. Thus, Strickland has not satisfied the standard set forth in R.C. 2953.23(A)(1)(a).
Moreover, Strickland has not shown that, but for the stipulation, no reasonable factfinder would have found him guilty of the charged offenses. See R.C. 2953.23(A)(2). Indeed, Strickland does not deny that he was convicted of burglary, nor has he even suggested that the state would not have presented sufficient evidence of his prior conviction had his defense counsel not entered the stipulation.
Because Strickland did not make the requisite showing under R.C. 2953.23(A), the trial court correctly determined that it was precluded from entertaining Strickland's second petition for postconviction relief.
The assignments of error are overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
Cheryl A. Ross Charles S. Strickland Hon. Adele M. Riley